UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

BYRON BEDELL,                       :
                                    :
          Plaintiff                 :     No. 1:16-CV-00870
                                    :
     vs.                            :     (Judge Kane)
                                    :
UNITED STATES OF AMERICA,           :
                                    :
          Defendant                 :

MEMORANDUM

BACKGROUND:

On May 13, 2016, Plaintiff Byron Bedell, an inmate incarcerated at the United States Penitentiary, Administrative Maximum, at Florence, Colorado ("USP-Florence ADMAX"), filed a complaint against the United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b).  (Doc. No. 1.) Plaintiff's allegations are set forth on a civil rights complaint form.  (Id.)  Plaintiff attached to the complaint a portion of a § 2241 habeas petition form, which Plaintiff designates as proof of exhaustion of administrative remedies.  (Id. at 6-13.)

In essence, Plaintiff contends that personnel of the Federal Bureau of Prisons at the United States Penitentiary at Lewisburg, Pennsylvania ("USP-Lewisburg") failed to evaluate him for traumatic brain injury and posttraumatic stress disorder.[1]

_____

1.  Plaintiff did not name any prison personnel as defendants, only the United States.  Furthermore, Plaintiff specifically indicated that this action was brought pursuant to the Federal Tort Claims Act ("FTCA"). A claim against a department or agency
                                              (continued...)

(Id. at 2, 11.)  As relief, Plaintiff requests compensatory and

punitive damages.[2] (Id. at 3.)  Along with the complaint,

Plaintiff filed a motion to proceed in forma pauperis and an

authorization to have funds deducted from his prison trust fund

account to pay the filing fee in installments. (Doc. Nos. 2, 3.)

     For the reasons outlined below, Plaintiff's complaint will

be dismissed for failure to state a claim and granted leave to

file an amended complaint.

---

1.  (...continued)
of the United States is not cognizable under the Federal Tort
Claims Act. 28 U.S.C. § 2679(a). Furthermore, as long as the
officials or employees of the United States were acting within
the scope of their duties or employment they cannot be named as
defendants and only the United States can be so named. 28 U.S.C.
§ 2679(b);  Smith v. United States, 499 U.S. 160 (1991).
Plaintiff has not alleged that the prison personnel were acting
outside the scope of their employment.

2.  Plaintiff did not attach to the complaint a copy of Standard
Form 95 or "other written notification of incident, accompanied
by a claim for money damages in a sum certain for injury to or
loss of property, personal injury, or death alleged to have
occurred by reason of the incident" which he was required to
submit to the appropriate agency, in this case the Regional
Office of the Federal Bureau of Prisons, when making a claim
under the FTCA. 28 C.F.R. § 14.2; 28 C.F.R. §§ 543.30 and
543.31(c). 28 U.S.C. § 2675(b) provides that an action under the
FTCA "shall not be instituted for any sum in excess of the amount
of the claim presented to the federal agency, except where the
increased amount is based upon newly discovered evidence not
reasonably discoverable at the time of presenting the claim to
the federal agency, or upon allegation of proof of intervening
facts, relating to the amount of the claim." Because Plaintiff
did not specify the amount of damages he is seeking and did not
attach Standard Form 95 or other written notice of the incident,
the Court cannot determine if Plaintiff is asking for an amount
of damages in excess of the amount asserted in the administrative
tort claim.

**LEGAL STANDARD:**

The Prison Litigation Reform Act (the "PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), obliges prisoners, who file suit in federal court and wish to proceed in forma pauperis under 28 U.S.C. § 1915, to pay the full filing fee in installments.  The PLRA also "requires a district court to engage in a preliminary screening of any complaint in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity."  McLean v. United States, 566 F.3d 391, 394 (4th Cir. 2009) (citing 28 U.S.C. § 1915A(a)).  The district court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint" if the complaint "is frivolous, malicious[,] fails to state a claim upon which relief may be granted[, or] seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

As such, a complaint may be dismissed under the screening provisions of the PLRA if it fails to state a claim upon which relief may be granted.  Federal Rule of Civil Procedure 12(b)(6) is the basis for this type of dismissal.  Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir.

2008)).  While a complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." <u>Id.</u> at 570.

In resolving the issue of whether a complaint states a viable claim, the Court must "conduct a two-part analysis." <u>Fowler</u>, 578 F.3d at 210.  First, we separate the factual elements from the legal elements and disregard the legal conclusions.  <u>Id</u>. at 210-11.  Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'"  <u>Id.</u> at 211 (internal quotations omitted).

Furthermore, although there is not a heightened pleading standard with respect to a complaint filed by a prisoner, a complaint in order to comply with Rule 8 of the Federal Rules of Civil Procedure must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff so that the Court can determine that the complaint is not frivolous and a defendant has adequate notice to frame an answer.  A civil rights complaint complies with this standard if it alleges the conduct violating the plaintiff's rights, the time and the place of that conduct, and the identity of the responsible officials.

**DISCUSSION**:

The Federal Tort Claims Act ("FTCA") provides a remedy in damages for the simple negligence of employees of the United States to protect federal inmates. United States v. Muniz, 374 U.S. 150, 150 (1963).  In presenting a FTCA claim, a plaintiff must show:  (1) that a duty was owed to him by a defendant; (2) a negligent breach of said duty; and (3) that the negligent breach was the proximate cause of the plaintiff's injury or loss.  Mahler v. United States, 196 F. Supp. 362, 364 (W.D. Pa. 1961), aff'd 306 F.2d 713 (3d Cir. 1962), cert. denied, 371 U.S. 923 (1962).

It is well-settled that a federal district court in considering a FTCA action must apply the law of the state, in this case Pennsylvania, in which the alleged tortious conduct occurred. 28 U.S.C. § 1346(b) (1996); Toole v. United States, 588 F.2d 403, 406 (3d Cir. 1978); O'Neal v. Department of Army, 852 F. Supp. 327, 334-35 (M.D. Pa. 1994); Turner v. Miller, 679 F. Supp. 441, 443 (M.D. Pa. 1987).  The applicable law with respect to the burden and quantum of proof under the FTCA remains that of the state in which the alleged tortious conduct occurred.  Hosic v. United States, 682 F. Supp. 23, 25 (M.D. Pa. 1987).

In cases involving federal prisoners, the government's duty of care is one of ordinary diligence. See 18 U.S.C. § 4042; Turner, 679 F. Supp. at 443.  Under Pennsylvania law, a plaintiff is required to show that the defendant's negligence was the proximate cause of his injury by a preponderance of the evidence.

Baum v. United States, 541 F. Supp. 1349, 1351 (M.D. Pa. 1982).

Pennsylvania law defines proximate cause as causation which was a

substantial factor in bringing about the injury.   Hamil v.

Bashline, 392 A.2d 1280, 1284 (Pa. 1978).

        Here, Plaintiff's complaint is completely silent as to

the injury he suffered.  (Doc. No. 1.)  Plaintiff merely alleges

that personnel of the Bureau of Prison failed to have him

evaluated for traumatic brain injury and posttraumatic stress

disorder.  (Id. at 2-4.)  There is no indication that Plaintiff

was diagnosed by a medical professional with those conditions or

that he suffered an injury requiring that he be evaluated for

those conditions.  Thus, there are no factual allegations in the

complaint, sufficient under Iqbal and Twombly, from which it can

be concluded that (1) a duty was owed to Plaintiff by the

personnel of the Bureau of Prison to have him evaluated for

traumatic brain injury and posttraumatic stress disorder, (2) the

Bureau of Prisons personnel breached that duty, and (3) the

negligent breach was the proximate cause of an injury or loss

which Plaintiff suffered.  (Doc. No. 1.)

        Although the complaint as filed fails to state a cause

of action against the United States, it is possible that the

deficiencies may be remedies by amendment.  Consequently,

Plaintiff will be granted such opportunity.  Plaintiff is advised

that his "amended complaint must be complete in all respects.  It

must be a new pleading which stands by itself as an adequate

complaint without reference to the complaint [and other documents] already filed." Young v. Keohane, 809 F.Supp. 1185 (M.D. Pa. 1992). Such amended complaint should set forth his claims in short, concise and plain statements.[3] It should name the Bureau of Prisons personnel involved and specify their conduct which was negligent or otherwise caused him injury. If Plaintiff fails to file an amended complaint adhering to the standards set forth above, this case will be closed.

Finally, assuming that Plaintiff suffered headaches or other symptoms, the failure to send him for an evaluation just based on his complaints of headaches is, for example, not the type of case which is obvious to a lay person.[4] Consequently, if Plaintiff is claiming that Bureau of Prison personnel were professionally

---

3. Federal Rule of Civil Procedure 8 requires that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests, (2) the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief sought by the pleader. In order to comply with Rule 8, a FTCA complaint must outline the facts entitling plaintiff to relief and identify the conduct of the defendant that is alleged to have harmed the plaintiff. The complaint must be adequate to permit the court to determine that it is properly before the court, and it must provide a defendant with adequate notice to frame an answer. At a minimum, a complaint must specify the conduct complained of, and identify the time and place of the occurrence and the persons responsible.

4. Whether the prison medical staff appropriately declined to send Plaintiff for an evaluation will depend on what Plaintiff's medical records indicate and those medical records will have to be evaluated by a medical professional who would then render an opinion one way or the other. Furthermore, for Plaintiff to succeed he will have to prove that he suffers from PTSD and TBI.

negligent in failing to send him for an evaluation, he will be

required pursuant to Pennsylvania Rule of Civil Procedure 1042.3

to file, within 60 days of filing the amended complaint, a

Certificate of Merit stating that:

> an appropriate licensed professional has supplied a
> written statement that there exists a reasonable
> probability that the care, skill or knowledge exercised
> or exhibited in the treatment, practice or work that is
> the subject of the complaint, fell outside acceptable
> professional standards and that such conduct
> was the cause in bringing about harm[.]

See Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 264-265

(3d Cir. 2011); West v. Varano, 2013 WL 4607427, at **2-3, 6-7

(M.D. Pa. Aug. 29, 2013)(Jones, J.). Failure to file such a

certificate will result in the dismissal of the action. Id.

An appropriate order will be entered.