IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BYRON BEDELL, :
    Plaintiff :
 : No. 1:16-cv-0870
    v. :
 : (Judge Kane)
UNITED STATES OF AMERICA, :
et al., :
    Defendants :

## MEMORANDUM

Plaintiff Byron Bedell, an inmate currently incarcerated at the Canaan U.S. Penitentiary, Waymart, Pennsylvania, initiated this lawsuit on May 13, 2016. (Doc. No. 1). Plaintiff subsequently filed an amended complaint on September 29, 2016, alleging claims under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1977), against the United States, the Bureau of Prisons, four members of the Bureau of Prisons' medical staff, and Warden Ebbert. (Doc. No. 13.) Presently before the Court is Defendants' motion to dismiss the amended complaint. (Doc. No. 38.) The motion is fully briefed and is ripe for disposition.

I. **BACKGROUND**

Byron Bedell alleges that personnel of the Federal Bureau of Prisons ("BOP") at the United States Penitentiary at Lewisburg, Pennsylvania ("USP-Lewisburg") failed to evaluate him for traumatic brain injuries. (Doc. No. 13 at 2.) Specifically, Plaintiff alleges that Defendants were deliberately indifferent to his medical care regarding his traumatic brain injuries, were negligent as to his diagnosis and treatment of those traumatic brain injuries, and that he suffered from numerous incident reports, resulting in the loss of good conduct time caused by his undiagnosed traumatic brain injuries. (Id.)

1

Plaintiff alleges that around June 22 of 2013, he began to experience severe headaches, dizziness, and vertigo every morning upon waking up. (Id. at 14.) It appears that Plaintiff attributes these symptoms to a June 19, 2013 incident where he was "slammed headfirst" to the ground, as well as incidents occurring sometime between 2009 and 2010 while he was housed at the Clinton County and Lackawanna County Prisons where Plaintiff alleges he "sustained several severe and moderate blows to the head." (Id. at 14-16.) Plaintiff alleges that symptoms of his traumatic brain injuries now consist of "episodic memory lost, headaches, increased irritability, dizziness – vertigo, sensitivity to bright light, and 'poor judgment[.]' " (Id. at 5.) Despite his repeated efforts to have Defendants "evaluate, assess or diagnose" him for traumatic brain injuries, Plaintiff alleges that Defendants have failed to have him diagnosed by a qualified physician. (Id.)

Plaintiff alleges that in order to encourage USP-Lewisburg staff to properly diagnose him with traumatic brain injuries, he filed Administrative Tort Claim No. TRT-NER-2014-05716 on August 11, 2014. (Id. at 5-6; Doc. 13-1 at 73.) On February 2, 2015, the agency denied Plaintiff's administrative claim, finding that Plaintiff did not exhibit signs of having a traumatic brain injury and there was no evidence that he experienced a compensable loss as the result of negligence on the part of a BOP employee. (Doc. 13-1 at 74.) Plaintiff requested reconsideration of this denial on September 3, 2015, which was denied on February 26, 2016. (Doc. 13-2 at 130.) Plaintiff subsequently filed a "FOIA Request," seeking documents the agency used in denying his Administrative Tort Claim. (Doc. No. 13 at 6; 13-1 at 102-107, 113.)

Defendants have filed a motion to dismiss the amended complaint alleging that: (1) only the United States is an appropriate Defendant to the FTCA action; (2) the court should dismiss the FTCA claim because Plaintiff has not properly exhausted his claim or alternatively, because

2

Plaintiff has not filed a certificate of merit or fails to state a claim upon which relief can be granted; and (3) the Court should dismiss the Bivens claims for Plaintiff's failure to allege personal involvement of Defendants or alternatively, because Defendants are entitled to qualified immunity. (Doc. No. 42.) Plaintiff has filed a brief in opposition (Doc. No. 49), and Defendants have filed a reply brief (Doc. No. 50).

## II.  LEGAL STANDARD

### A.  Motion to Dismiss – 12(b)(1)

Where a motion to dismiss is made on the basis of lack of subject matter jurisdiction pursuant to Rule 12(b)(1), such jurisdiction may be attacked either facially or factually. Mortensen v. First Fed. Sav. And Loan Ass'n, 549 F.3d 884, 891 (3d Cir. 1977); Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990).  A court treats a facial attack on the complaint like all other Rule 12(b) motions to dismiss, looking to see whether a plaintiff has sufficiently alleged a basis for subject matter jurisdiction, were the allegations in the complaint taken as true. Id.; Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 411 (5th Cir. 1980) cert denied, 449 U.S. 953 (1980).  A factual attack, however, challenges "the existence of subject matter jurisdiction in fact," and requires that the court examine material outside of the pleadings, such as testimony and affidavits.  Id.

Moreover, when a defendant moves to dismiss on the grounds of subject matter jurisdiction, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." Id.; Moir v. Greater Cleveland Reg'l Transit Auth., 895 F.2d 266, 269 (6th Cir. 1990).  In order to satisfy this burden, the plaintiff need only show that the complaint alleges a substantial claim under federal law.  Id.  When the party sued is the United States or one of its agencies, a waiver of sovereign immunity is a prerequisite to subject matter jurisdiction.  See United States v.

3

Mitchell, 463 U.S. 206 (1983); United States v. Bein, 214 F.3d 408, 412 (3d Cir. 2000); United States E.P.A. v. Gen. Electric Co., 197 F.3d 592, 597 (2d Cir. 1999). Rule 12(b)(1) mandates dismissal of an action if the court lacks jurisdiction over the subject matter. Id.

**B. Motion to Dismiss – 12(b)(6)**

Federal notice and pleading rules require the complaint to provide the defendant notice of the claim and the grounds upon which it rests. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). The plaintiff must present facts that, accepted as true, demonstrate a plausible right to relief. Fed.R.Civ.P. 8(a). Although Federal Rule of Civil Procedure 8(a)(2) requires "only a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint may nevertheless be dismissed under Federal Rule of Civil Procedure 12(b)(6) for its "failure to state a claim upon which relief can be granted." See Fed.R.Civ.P. 12(b)(6).

When ruling on a motion to dismiss under Rule 12(b)(6), the Court accepts as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that their claims are facially plausible. See Iqbal, 556 U.S. at 678; Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct: "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.' " Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (internal citations and quotation marks omitted). The Third Circuit has specified that in ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

In the context of pro se prisoner litigation specifically, the Court must be mindful that a document filed pro se is "to be liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

## III. DISCUSSION

### A. FTCA Claim

Plaintiff sues the United States, the BOP, and five individual Defendants under the FTCA. (Doc. No. 13.) While the FTCA provides jurisdiction for suits against the United States for torts allegedly committed by federal officials, the United States is the only proper defendant

5

in a case brought under the FTCA. CNA v. United States, 535 F.3d 132, 138 n.2 (3d Cir. 2008); see also Thomas v. United States, 558 F. Supp. 2d 553, 557 (M.D. Pa. 2008) ("[T]he only proper party Defendant is the United States, and not individual employees of the BOP."); Boyd v. United States, 482 F. Supp. 1126, 1128 (W.D. Pa. 1980) ("Only the United States Government itself is amenable to suit under [the FTCA]. Employees and specific government agencies are not proper defendants."). Accordingly, the Court will dismiss all FTCA claims against the BOP and all individually named Defendants with prejudice. Thus, the only remaining Defendant to the FTCA claim is the United States.

Defendants also argue that Plaintiff's FTCA claims must be dismissed pursuant to Fed. R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction to the extent that Plaintiff has failed to timely file this FTCA suit within the six months of the BOP's denial of his FTCA claim. (Doc. No. 42 and 50.) The FTCA is a statutory waiver of sovereign immunity for tort claims. Gotha v. United States, 115 F.3d 176, 179 (3d Cir. 1997). The FTCA allows the government to be sued "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. However, as the FTCA is an express waiver of sovereign immunity, strict compliance with its provisions is required. Livera v. First Nat'l Bank, 879 F.2d 1186, 1194 (3d Cir. 1989).

A prerequisite to suit under the FTCA is that a claim must first be presented to the Federal agency and be denied by that agency. Specifically, the FTCA provides:

> An action shall not be instituted against the United States for money damages for injury or loss of property or personal injury … unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). "The statutory language is clear that a court does not have jurisdiction before administrative remedies have been exhausted, and a court must dismiss any action that is initiated prematurely." Wilder v. Luzinski, 123 F. Supp. 2d 312, 313 (E.D. Pa. 2000) (citing McNeil v. United States, 508 U.S. 106 (1993)).

Thus, prior to commencing an FTCA action against the United States in federal court, a plaintiff must "first present [ ] the claim to the appropriate Federal agency" and receive a final denial "by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). A claim is considered to be presented when the federal agency receives written notification of the alleged tortious incident and the alleged injuries, together with a claim for money damages in a sum certain, in the form prescribed by federal regulations. 28 C.F.R. § 14.2(a). If the receiving federal agency fails to make a final disposition of the claim within six months from the time it is filed, that failure is "deemed a final denial of the claim" for purposes of commencing suit under the FTCA. 28 U.S.C. § 2675(a).

The Third Circuit has instructed that "[i]n light of the clear, mandatory language of the statute, and [the] strict construction of the limited waiver of sovereign immunity by the United States, ... the requirement that the appropriate federal agency act on a claim before suit can be brought is jurisdictional and cannot be waived." Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003) (citing Livera, 879 F.2d at 1194)). The Supreme Court has likewise explained that "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." McNeil v. United States, 508 U.S. 106, 113 (1993). As a result, a district court may dismiss a claim brought under the FTCA for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) where the plaintiff has not exhausted his administrative remedies prior to filing suit. See, e.g., Abulkhair v. Bush, 413 F. App'x 502, 506 (3d Cir. 2011); Accolla v.

7

United States Gov't, 369 F. App'x 408, 409-10 (3d Cir. 2010) (finding the district court properly dismissed FTCA claim where the plaintiff filed federal suit prior to exhausting administrative remedies).

A twofold obligation of timeliness is imposed by the FTCA. There is a two year period in which a claim must be tendered to the affected federal agency for its consideration. Wadhwa v. Nicholson, 367 F. App'x 322, 325 (3d Cir. 2010). Once the agency has acted upon the administrative claim, denying the claim, the plaintiff then has six months in which to proceed to court. Id. Additionally, § 2401(b)'s limitations period must be read in the conjunctive. See Willis v. United States, 719 F.2d 608, 610-13 (2d Cir. 1983); Reyes v. United States, Civ. No. 3:13-CV-974, 2014 WL 2094337, at *4 (M.D. Pa. May 20, 2014). Therefore, "both limitations periods under § 240(b) must be satisfied in order for an FTCA complaint to be timely." Reyes, 2014 WL 2094337, at *4 (quoting Seiss v. United States, 792 F., Supp. 2d 729, 732 (D.N.J. 2011)).

However, "the FTCA's statute of limitations is not jurisdictional, and thus in appropriate circumstances the equitable tolling doctrine can apply in actions under it." Santos ex rel. Beato v. United States, 559 F.3d 189, 194-95 (3d Cir. 2009). (citing Hughes v. United States, 263 F.3d 272, 278 (3d Cir. 2001)); see Hedges v. United States, 404 F.3d 744, 748 (3d Cir. 2005) (federal courts apply equitable tolling to wide range of cases against the Government, including FTCA claims). Therefore, equitable tolling requests are judged by exacting standards. Thus, "a plaintiff will not receive the benefit of equitable tolling unless [ ]he exercised due diligence in pursuing and preserving h[is] claim" because "[t]he principles of equitable tolling ... do not extend to 'garden-variety claims of excusable neglect.'" Id. at 197 (citing Irwin v. Dep't of Veteran Affairs, 498 U.S. 89, 96 (1990)). The "remedy of equitable tolling is extraordinary, and

8

we extend it 'only sparingly.'" (Id.); Hedges, 404 F.3d at 751. In FTCA actions "it is especially appropriate to be restrictive with respect to extension of equitable tolling in cases involving the waiver of the sovereign immunity of the United States." Santos, 559 F.3d at 197-98; see United States v. Kubrick, 444 U.S. 111, 117-19 (1979); Jones v. United States, 366 F. App'x 436, 439 (3d Cir. 2010). Consequently, "[e]quitable tolling may apply to FTCA claims in three instances: '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'" Jones, 366 F. App'x at 439-40 (citing Hedges, 404 F.3d at 751 (internal citations omitted)). Furthermore, where a plaintiff fails to show that his claims were subject to these specific grounds for equitable tolling, tolling is unavailable and the statute of limitations serves as a bar to further litigation. See e.g., Jones, 366 F. App'x at 439-40; Hedges, 404 F.3d at 746.

It is apparent from the record that Plaintiff failed to file his civil action within six months after the denial of his tort claim as required by 28 U.S.C. § 2401(b) and his claim is now time-barred. The agency denied Plaintiff's claim on February 2, 2015, advising him that he had six months (or until August 2, 2015), to bring an action against the United States in an appropriate District Court. (Doc. No. 13-1 at 114.) Plaintiff waited seven months, or until September 3, 2015, to request reconsideration of the denial of his administrative tort claim. (Doc. No.13-2 at 130.) Reconsideration was denied on February 26, 2016. (Id.) Plaintiff then filed the instant claim in federal court on May 13, 2016, or nine months past the six month deadline set forth in 28 U.S.C. § 2401(b). (Doc. No. 1.) Even if this Court were to view Plaintiff's request to reconsider the initial denial of his administrative tort claim as sufficient to toll the statute of

9

limitations, that request for reconsideration was filed one month past the requisite deadline set forth in 28 U.S.C. § 2401(b).

Moreover, Plaintiff does not contend, and the Court does not find, any unique circumstances which would entitle Plaintiff to equitable tolling. First, the Court observes that Plaintiff did not exercise due diligence in pursuing or preserving his claim. Despite the clear warning set forth in the agency's denial letter, Plaintiff waited more than nine months to file the instant claim in federal court. Again, even if this Court were to toll the limitations period while Plaintiff filed his request for reconsideration, this action was still filed outside of the six month limitations period, and therefore, is time-barred. Moreover, the record does not support a finding that Defendant has misled Plaintiff; that Plaintiff in some extraordinary way has been prevented from asserting his rights; or that Plaintiff timely asserted his rights but in the wrong forum. Consequently, the Court lacks jurisdiction to hear Plaintiff's tort claim and Defendants' motion to dismiss the FTCA claim will be granted.

### B. Eighth Amendment Claims Under Bivens

"A Bivens action, which is the federal equivalent of the § 1983 cause of action against state actors, will lie where the defendant has violated the plaintiff's rights under color of federal law." Brown v. Philip Morris Inc., 250 F.3d 789, 800 (3d Cir. 2001). Specifically,

> Bivens creates no substantive rights, but rather allows "a citizen suffering a compensable injury to a constitutionally protected interest [to] invoke the general federal-question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." . . . To state a claim under Bivens, the plaintiff must show that the defendant, acting under color of Federal law, deprived him of a right secured by the Constitution or laws of the United States.

Naranjo v. Martinez, No. 4:CV–08–1755, 2009 WL 4268598, at *6 (M.D. Pa. Nov. 24, 2009) (citations omitted). "[T]he treatment a prisoner receives in prison and the conditions under

which he is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993). "Deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)).

### 1. Deliberate Indifference Standard

In order to establish an Eighth Amendment deliberate indifference claim, a claimant must demonstrate "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Natale v. Camden Cnty. Corr. Facil., 318 F.3d 575, 582 (3d Cir. 2003). Deliberate indifference has been found "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999); see also Peterson v. Knauer, No. 03-5368, 2008 WL 509207, at *3 (E.D. Pa. Feb. 25, 2008) (explaining that the "the refusal to administer pain medication contrary to a surgeon's orders" may constitute deliberate indifference). Prison medical authorities are given considerable latitude in the diagnosis and treatment of inmate patients, see Young v. Kazmerski, 266 F. App'x 191, 194 (3d Cir. 2008), and a doctor's disagreement with the professional judgment of another doctor is not actionable under the Eighth Amendment, see White v. Napoleon, 897 F.2d 103, 108-10 (3d Cir.1990). Furthermore, it is well settled that an inmate's dissatisfaction with a course of medical treatment, standing alone, does not give rise to a viable Eighth Amendment claim. See Taylor v. Norris, 36 F. App'x 228, 229 (8th Cir. 2002); Abdul-Wadood v. Nathan, 91 F.3d 1023, 1024-25 (7th Cir. 1996); Sherrer v. Stephens, 50 F.3d 496,

11

497 (8th Cir.1994). Moreover, "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.

### 2. Official Capacity Claims

Sovereign immunity bars any claims brought against the above-captioned Defendants in their official capacities. Specifically, sovereign immunity constitutes a jurisdictional bar to claims against the United States and its agencies, unless Congress has specifically waived such immunity. FDIC v. Meyer, 510 U.S. 471, 475 (1994). Indeed, "[a]n action against government officials in their official capacities constitutes an action against the United States [and is] barred by sovereign immunity, absent an explicit waiver." Lewal v. Ali, 289 F. App'x 515, 516 (3d Cir. 2008); Webb v. Desan, 250 F. App'x 468, 471 (3d Cir. 2007).

Bivens does not waive sovereign immunity with respect to claims brought against federal employees sued in their official capacities. Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 72 (2001) ("If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a Bivens claim against the offending individual officer, subject to the defense of qualified immunity. The prisoner may not bring a Bivens claim against the officer's employer, the United States, or the BOP."). Thus, Plaintiff's claims against the Defendants in their official capacities must be dismissed with prejudice. Lewal, 289 F. App'x at 516; Webb, 250 F. App'x at 471.

### 3. Claims Against Individual Defendants

The basis of Plaintiff's Bivens claims appears to be that Defendants P.A. Marc Marchioli, Dr. Andrew Edinger, Dr. Jessica Sage, and Warden David J. Ebbert exhibited deliberate indifference to his medical needs in violation of the Eighth Amendment when they failed to properly diagnose and/or treat him for traumatic brain injury. (Doc. Nos. 13 and 14.) Plaintiff

12

must show that these individuals were personally involved in the denial of adequate medical care. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

Upon review of the amended complaint, the exhibits attached thereto and miscellaneous filings accompanying his amended complaint, the only allegation that names a specific defendant is found in Plaintiff's brief in support of his amended complaint. (Doc. No. 14 at 6-7.) Plaintiff alleges that FBOP employee Marc Marchioli is a Physician Assistant at USP-Lewisburg who failed to "exercise a degree of care that a reasonable man should have recognized" by not evaluating, assessing, or diagnosing Plaintiff for traumatic brain injuries upon Plaintiff's request.[1] (Id.) The only other portion of Plaintiff's amended complaint that appears to come close to naming individual defendants and particularizing their alleged wrongdoing is found at page four of the amended complaint where Plaintiff alleges that:

> Prison Officials (P.A. Marc Marchioli, Dr. Andrew Edinger, Dr. Jessica Sage, and Warden David J. Ebbert) surreptitiously allowed Plaintiff[']s TBI symptoms to continue … invalidated and untreated. The deprivation[] is sufficiently serious to Plaintiff[']s mental health and well[-]being, and Defendants['] conduct displays negligence and deliberate indifference to Plaintiff]']s mental health and well[-]being.

(Doc. No. 13 at 4.)

The Court first notes that civil rights claims "cannot be premised on a theory of respondeat superior. Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a

---

[1] The Court notes that Plaintiff's "Brief in Support of Plaintiff's Amended Complaint" (Doc. No. 14), is replete with additional facts/averments not contained anywhere in his amended complaint. "It is one thing to set forth theories in a brief; it is quite another to make proper allegations in a complaint." Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988). Therefore, the legal theories set forth in Plaintiff's brief "are helpful only to the extent that they find support in the allegations set forth" in his amended complaint. Id.; Mpala v. U.S., Civ. No. 3:CV-11-1748, 2015 WL 539912, at *5 (M.D. Pa. Feb. 10, 2015).

13

claim." Millbrook v. United States, 8 F.Supp. 3d 601, 614 (M.D. Pa. 2014). Indeed, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." Rode, 845 F.2d at 1207; Millbrook, 8 F.Supp. 3d at 614 (quoting Rode in the Bivens context).

It is clear from a review of the amended complaint, exhibits attached thereto, and other miscellaneous filings accompanying it, that Plaintiff has not alleged facts which would demonstrate a plausible basis for the Court to infer personal involvement on the part of any of the individual Defendants. Plaintiff's one paragraph naming all Defendants fails to allege any of their alleged misconduct or actual participation in the alleged misconduct. Moreover, the conclusory allegation that Defendants "surreptitiously allowed Plaintiff[']s TBI symptoms to continue…" is insufficient to state a claim against them. See Natale v. United States, Civ. No. 13-2339, 2014 WL 1281224, at *9 (E.D. Pa. Mar. 28, 2014). Although "[p]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence," such allegations "must be made with appropriate particularity." Id. (quoting Rode, 845 F.2d at 1207); see Twombly, 550 U.S. at 570 (such conclusory statements without any supporting factual allegations are insufficient to state a claim).

Additionally, the "deliberate indifference" standard is a stringent standard of fault requiring proof that a defendant disregarded a known or obvious consequence of his action. Board of Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 410 (1997). The defendant must be both aware of facts from which the inference could be drawn that a substantial harm exists and he must also draw the inference. Farmer, 511 U.S. at 837 (1994). An official is

not deliberately indifferent if "he fails to alleviate a significant risk that he should have identified." Id. The test for whether a prison official was deliberately indifferent is whether that defendant "acted or failed to act despite his knowledge of a substantial risk of serious harm." Id. at 841. Only egregious acts or omissions can violate this standard. See White v. Napoleon, 897 F.2d 103, 108-10 (3d Cir. 1990).

Thus, a complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment...." Estelle, 429 U.S. at 106. "Allegations of medical malpractice are not sufficient to establish a Constitutional violation." Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004). "[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990.) In sum, negligence, unsuccessful medical treatment, or medical malpractice do not give rise to a civil rights cause of action, and an inmate's disagreement with medical treatment is insufficient to establish deliberate indifference. See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993). Any attempt to second-guess the propriety or adequacy of a particular course of treatment is disavowed by courts since such determinations remain a question of sound professional judgment. Inmates of Allegheny Cnty. Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979); United States ex rel. Walker v. Fayette Cnty., 599 F.2d 573, 575 n. 2 (3d Cir. 1979); Little v. Lycoming Cnty., 912 F. Supp. 809, 815 (M.D. Pa. 1996), aff'd, 101 F.3d 691 (3d Cir. 1996). "[T]he key question ... is whether defendants have provided plaintiff with some type of treatment, regardless of whether it is what plaintiff desires." Farmer, 685 F. Supp. at 1339 (citation omitted).

There are no facts that suggest that any Defendant knew of and disregarded an excessive risk to Plaintiff's health, or were aware of facts from which the inference could be drawn that a substantial risk of harm existed and that they in fact drew that inference. Farmer, 511 U.S. at 837. Indeed, Plaintiff is not alleging that he was not evaluated by a medical provider. Rather, Plaintiff is alleging that he was not evaluated by a specialist. (Doc. No. 13 at 2.) Plaintiff was evaluated by medical personnel who found no evidence to support Plaintiff's claims of traumatic brain injury. (Doc. No. 13 at 15; Doc. No. 13-1 at 49, 51, 53, 56.) Here, it is apparent that Plaintiff is dissatisfied with the treatment he is currently receiving. Plaintiff believes he should be receiving a different form of treatment for a medical condition he believes that he suffers from. However, "dissatisfaction with a course of medical treatment, standing alone, does not give rise to a viable Eighth Amendment claim." See Taylor, 36 F. App'x at 229. The Court will not attempt to second-guess the propriety or adequacy of the course of treatment prescribed since such determinations remain a question of sound professional judgment. Accordingly, the motion to dismiss the Bivens claims against the medical Defendants will be granted.

Additionally, the Third Circuit has held that when a prisoner is under the care of medical professionals, "a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." Spruill, 372 F.3d at 236. "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official … will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." Id. Accordingly, Warden Ebbert, a nonmedical official, is entitled to rely on the diagnoses and treatment decisions of the medical professionals

16

who examined Plaintiff and cannot be said to have been deliberately indifferent when Plaintiff was under the care of such medical professionals.[2]

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss will be granted. An appropriate Order follows.

---

[2] While the Court is mindful that in civil cases, pro se plaintiffs should often be afforded an opportunity to amend a complaint before it is dismissed unless an amendment would be inequitable or futile, see Foman v. Davis, 371 U.S. 178, 182 (1982), we find that such futility exists as to Plaintiff's Bivens claim. Plaintiff has already been afforded an opportunity to amend his complaint, and his current amended complaint fails to state a constitutional violation under the Eighth Amendment. The Court finds that any further amendment would be futile because dissatisfaction with a course of medical treatment, standing alone, simply does not give rise to a viable Eighth Amendment claim. See Taylor, 36 F. App'x at 229; see also Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (The futility exception means that a complaint, as amended, would fail to state a claim upon which relief can be granted). Moreover, because the Court concludes that Plaintiff has not pled a viable claim against any of the Defendants, the Court need not address Defendants' argument with respect to qualified immunity.